UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GISELA COSTA,

       Plaintiff,

  v.

ALLSTATE NEW JERSEY
INSURANCE COMPANY,

       Defendant.

No. 1:22-cv-06683

OPINION

**APPEARANCES:**

Michael John Gaffney
RADANO & LIDE
78 West Park Avenue
Vineland, NJ 08360

    *On behalf of Plaintiff.*

Raymond F. Danielewicz
RAYMOND F. DANIELEWICZ LLC
16 Wilkins Avenue
P.O. Box 2067
Haddonfield, NJ 08033-2428

Kristin H. Jones
Nicole E. Crossey
Jeffrey A. Carr
TROUTMAN PEPPER HAMILTON
   SANDERS LLP
301 Carnegie Center
Princeton, NJ 08543

    *On behalf of Defendant.*

**O'HEARN, District Judge.**

This matter comes before the Court on the Defendant Allstate New Jersey Insurance Company's ("Defendant") Motion to Dismiss Count II of Plaintiff Gisela Costa's ("Plaintiff") Complaint for Failure to State a Claim (ECF No. 9). For the reasons that follow, Defendant's Motion is **GRANTED**.

I. <u>BACKGROUND</u>

On December 17, 2018, an automobile operated by a third party collided with an automobile operated by Plaintiff, causing Plaintiff serious injuries. (Compl., ECF No. 1-1, Count I, ¶¶ 1, 5). At the time of the collision, the third party maintained an automobile insurance policy with bodily injury limits of $15,000. (ECF No. 1-1, Count I, ¶ 6). Plaintiff maintained an automobile insurance policy issued by Defendant that included an uninsured motorist limit of $100,000 and an underinsured motorist limit of $300,000. (ECF No. 1-1, Count I, ¶ 8). Plaintiff notified Defendant of the collision and a potential claim for underinsured motorist benefits. (ECF No. 1-1, Count I, ¶ 8). Plaintiff settled with the third party's insurer after obtaining consent to do so from Defendant. (ECF No. 1-1, Count I, ¶ 8). Plaintiff's claim for underinsured motorist benefits remains unsatisfied. (ECF No. 1-1, Count I, ¶ 9).

II. <u>PROCEDURAL HISTORY</u>

On October 20, 2022, Plaintiff filed this action in the Superior Court of New Jersey, Cumberland County, asserting two claims: (1) entitlement to underinsured motorist benefits from Defendant in the amount of $85,000 plus interest, attorneys' fees, and other costs ("Count I"), and (2) bad faith on the part of Defendant ("Count II") (Compl., ECF No. 1-1 Count II, ¶ 3–6). Defendant removed the case to this Court on November 18, 2022, based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. (Not. of Removal, ECF No. 1). Defendant responded on

December 9, 2022, with the present Motion seeking dismissal of Count II under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 9). Plaintiff filed a Response on January 3, 2023, (ECF No. 14), to which Defendant replied on January 10, 2023, (ECF No. 15).

### III.    LEGAL STANDARD

To state a claim, a plaintiff's complaint needs only to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "short and plain," this statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations, alterations, and citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* (citations omitted). Rather, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). Through this lens, the court then conducts a three-step analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Next, the court should identify and disregard those allegations that, because they are no more than "the-defendant-unlawfully-harmed-me accusation[s]," are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678; *Malleus*, 641 F.3d at 563. Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The court may only consider the facts alleged in the pleadings, any attached exhibits, and any matters of judicial notice. *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). However, the court may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. FED. R. CIV. P. 12(d).

## IV. DISCUSSION

Defendant has moved to dismiss Count II of Plaintiff's Complaint (ECF No. 1-1) under Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff alleges insufficient facts to support a bad faith claim. (Def.'s Mot. to Dismiss, ECF No. 9).[1] The Court agrees that Plaintiff fails to state a claim on the theory that Defendant breached the covenant of good faith and fair dealing, or on any other theory, and grants Defendant's motion.

### A. Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff's claim for violation of the implied covenant of good faith and fair dealing, or bad faith, fails for lack of sufficient factual allegations. Under New Jersey law, a Plaintiff asserting a

---

[1] The parties argue at length over whether the Court can properly consider the Declaration of John Gadagnoli, (ECF No. 9-9), in its analysis of Defendant's Motion. This argument is irrelevant to the Motion. The Court need not—and does not—consider the Declaration to conclude that Plaintiff's allegations as set forth in the Complaint are insufficient to state a bad faith claim.

claim for bad faith in the insurance context must "show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Raritan Bay Fed. Credit Union v. Cumis Ins. Soc'y*, No. 09-1512, 2009 WL 2223049, at *3 (D.N.J. July 23, 2009) (citing *Pickett v. Lloyd's*, 621 A.2d 445 (1993)). While "the lack of a reasonable basis may be inferred and imputed to an insurance company," plaintiffs must still assert "reckless indifference to facts or to proofs submitted by the insured." *Id.* Complaints will not survive dismissal where plaintiffs recite only conclusory allegations and otherwise fail to offer facts demonstrating the plausibility of their bad faith claims. *See, e.g., Veyhl* v. *State Farm Fire and Casualty Co.*, No. 21-10112, 2021 WL 6062304, at *2 (D.N.J. December 22, 2021) ("Allegations parroting the elements of a 'bad faith' cause of action, without more, are subject to dismissal on a Rule 12(b)(6) motion"); *Raritan Bay*, 2009 WL 2223049, at *3 ("[T]he mere allegation that [insurer's] denial of coverage inferentially establishes bad faith relies on the very speculation that *Twombly* forbids.").

Count II of the Complaint offers only conclusory allegations of this sort. The Complaint does not describe when Plaintiff submitted her claim, how long it took Defendant to process the claim, or even how Defendant responded to the claim. Instead, the Complaint levies the bare accusation that Defendant maintained a "policy of willfully . . . denying or delaying meritorious claims," and alleges, without more, that Plaintiff gave Defendant "due notice of her claim," Defendant "wrongfully failed to negotiate, in good faith," and Plaintiff has been "unreasonably denied her claim for payment of benefits." (Compl., ECF No. 1-1, Count II, ¶¶ 3–5). These allegations merely "parrot[] the elements of a 'bad faith' cause of action" and the language of the New Jersey Insurance Fair Conduct Act (the "IFCA"). *Veyhl*, 2021 WL 6062304, at *2; *see also* N.J. STAT. ANN § 17:29BB-3 ("[A] claimant, who is unreasonably denied a claim for coverage or

payment of benefits, or who experiences an unreasonable delay for coverage or payment of benefits . . . may . . . file a civil action in a court of competent jurisdiction . . . ."). Absent further factual detail and support, they must be disregarded. *Iqbal*, 556 U.S. at 678. Without these allegations, Count II consists only of the incorporation by reference of Count I, (Compl., ECF No. 1-1, Count II, ¶ 1), which describes the auto accident giving rise to this action and notes Plaintiff's submission of her claim. (ECF No. 1-1, Count I, ¶¶ 1–8). There are simply no facts that support an inference that Plaintiff's claim for a breach of the duty of good faith and fair dealing is plausible. Therefore, that claim must be dismissed.

### B. Breach of Fiduciary Duty and Statutes

To the extent Plaintiff asserts bases for relief other than bad faith, such claims also fail. Count II alleges Defendant breached general fiduciary obligations owed to Plaintiff and violated the IFCA, the Unfair Claim and Settlement Practices Act, and provisions of the New Jersey Administrative Code. (Compl., ECF No. 1-1, Count II, ¶¶ 5–6). While it is not clear whether Plaintiff offers these statements to assert additional bases for relief, any claim arising from these purported violations similarly fails for insufficient factual allegations. The Complaint alleges that Defendant breached its fiduciary duties and the listed statutes but provides no detail as to when or how Defendant did so. Without more, these allegations, like the allegations of bad faith discussed above, must be disregarded. Accordingly, because any claim arising from the alleged statutory violations or breach of fiduciary duties does not include sufficient facts to render such allegations plausible, any such claim must also be dismissed.[2]

Defendant offers a fulsome timeline of events that Plaintiff notably omits from her

---

[2] The parties argue over whether the IFCA—enacted in 2022—applies retroactively such that the Plaintiff may claim relief under the statute for an insurance claim arising from a 2018 Incident. Because the Complaint fails to allege sufficient facts to support a claim under the IFCA or any other basis for relief, the Court need not reach this question.

pleadings. (Def.'s Mem. Supp. Dismissal, ECF No. 9-1, 2–3). According to Defendant's timeline, Plaintiff first submitted her claim for underinsured motorist benefits more than twenty-six months after the accident, then provided supporting medical documentation a further nineteen months later. (ECF No. 9-1, 3). While Defendant promptly responded in each event, Plaintiff filed this lawsuit alleging a bad faith claim less than one week after providing her medical documentation. (ECF No. 9-1, 3). The Court notes that, if this version of events is accurate, Plaintiff may not be able to plead facts sufficient to state a viable claim for bad faith. Nevertheless, the claim will be dismissed without prejudice. Plaintiff may amend her pleadings in accordance with the Order accompanying this Opinion.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion, (ECF No. 9), is **GRANTED**. An appropriate Order accompanies this Opinion.

*Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**